**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO._ 24-cv-23416**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.

_____/

## ANSWER TO COMPLAINT

Defendants, triple999, bigsmall402, and topbuy219 ("Defendants"), hereby answer to the Complaint [DE 1] filed by Plaintiff, XYZ Corporation (hereinafter referred to as "Plaintiff") and state as follows:

## INTRODUCTION

1.    This is a civil action for design patent infringement pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.,* including 35 U.S.C. § 271.

ANSWER: No answer is needed. If an answer is needed, denied.

2.    Plaintiff owns one (1) United States Design Patent, (hereinafter "Plaintiff's Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law.

ANSWER: No answer is needed. If an answer is needed, denied.

3.      Without Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based e- commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").  Such infringement is both deliberate and willful.

ANSWER: Denied.

4.      As a result, Plaintiff is enduring continuous damages to its design patent at the hands of the Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patent to sell for substantial profits.  Furthermore, the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public.

ANSWER: Denied.

5.      In summary, Plaintiff has spent significant amounts of resources in connection with patent enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendants' infringement actions.

ANSWER: Denied.

**PARTIES**

6.      Plaintiff is the inventor and owner of an ornamental design patent registered with the USPTO.  A true and correct copy of Plaintiff's Patent will be attached to the Amended Complaint as Exhibit 1 (filed under seal).

ANSWER: No answer is needed. If an answer is needed, denied

7.       Defendants are individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.

ANSWER: Admitted that Defendants reside in China and denied the rest.

8.       Defendants target their business activities towards consumers throughout the United States, including Florida and this District using the operation of Internet based e-commerce stores, such as Amazon.com, Walmart, Ebay, via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

ANSWER: Denied.

9.       Defendants produce and/or distribute products from foreign jurisdictions and ship their goods to fulfillment centers within the United States to redistribute their products from those locations to the American consumer.

ANSWER: Denied.

10.      Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

ANSWER: Denied.

11.      Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing and counterfeit reproductions of Plaintiff's Patent unless preliminarily and permanently enjoined.

ANSWER: Denied.

12.     Plaintiff has and will continue to suffer damages as a result of Defendants' patent infringements unless injunctive and monetary relief is awarded by this Honorable Court.

ANSWER: Denied.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to the Federal Patent Act, 35 U.S.C. § 101 *et seq*., and 28 U.S.C. §§ 1331 and 1338.

ANSWER: Admitted.

15.     Defendants are subject to personal jurisdiction in this district because they purposefully direct their sales of goods, utilizing Plaintiff's Patent, to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District. The Defendants infringe Plaintiff's Patent in this District by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Patent through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

ANSWER: Denied.

16.     Venue is proper over Defendants in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendants are, upon information and belief, aliens engaged in infringing

activities and causing harm within this District by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent into this District and the Defendants are subject to personal jurisdiction within this District with respect to the action brought herein.

ANSWER: Denied.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

17.   Defendants are promoting, selling, offering for sale and distributing goods bearing identical or confusingly similar imitations of Plaintiff's intellectual property within this district.

ANSWER: Denied.

18.   Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) (as well as 35 U.S.C. § 299) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

ANSWER: Denied.

19.   Joinder of the multiple Defendants listed in Schedule "A" attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

ANSWER: Denied.

20.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court.

ANSWER: Denied.

21.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

ANSWER: Denied.

22.     Joinder of the multiple Defendants listed in Schedule "A" is procedural only and does not affect the substantive rights of any defendant listed on Schedule "A" hereto.

ANSWER: Denied.

23.     This Court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

ANSWER: Denied.

24.     Plaintiff's claim against the multiple Defendants listed in Schedule "A" are all transactionally related.

ANSWER: Denied.

25.     Plaintiff is claiming counterfeiting, infringement, and piracy of Plaintiff's licensed intellectual property rights by Defendants.

ANSWER: Denied.

26.     The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar counterfeiting and infringing conduct when each is compared to the others.

ANSWER: Denied.

27.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

ANSWER: Denied.

28.     All Defendants are located in foreign jurisdictions, mostly China.

ANSWER: Admitted that Defendants are residing in China and denied the rest.

29.     All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal counterfeiting and infringing activities.

ANSWER: Denied.

30.     All Defendants have the same or closely related sources for their counterfeit and infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain counterfeit and infringing products from the same upstream sources.

ANSWER: Denied.

31.    All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell counterfeit and infringing goods across international borders and violate Plaintiff's licensed intellectual property rights with impunity.

ANSWER: Denied.

32.    All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in counterfeiting and infringement.

ANSWER: Denied.

33.    All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

ANSWER: Admitted that Defendant used financial accounts associated with their online stores and denied the rest.

34.    All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

ANSWER: Denied.

35.    All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event their efforts are discovered or Plaintiff obtains a monetary award.

ANSWER: Denied.

36.    All Defendants violated one or more of the Plaintiff's licensed intellectual property rights in the United States, by the use of common or identical methods.

ANSWER: Denied.

37.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

ANSWER: Denied.

38.     Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

ANSWER: Admitted that Defendants have different storefronts, with one ID associated with each storefront, and denied the rest.

39.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

ANSWER: Denied.

40.     Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

ANSWER: Denied.

41.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Florida and causing Plaintiff harm and damage within this jurisdiction.

ANSWER: Denied.

42.     The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiffs' licensed intellectual property rights and the destruction of the legitimate market sector in which it operates.

ANSWER: Denied.

43.     At all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

ANSWER: Denied.

## **GENERAL ALLEGATIONS**

44.     Plaintiff has filed this lawsuit against Defendants to enjoin online patent infringers who trade upon Plaintiff's valuable Patent by distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Patent.

ANSWER: Denied.

45.     Plaintiff's Patent registration is valid, in full force and effect, unrevoked and uncanceled.

ANSWER: Denied.

46.     Plaintiff has not granted a license or any other authorizations to Defendants to

make, use, offer for sale, sell and/or import goods that embody the design patented in the

Plaintiff's Patent which is proprietary to Plaintiff.

ANSWER: Admitted.

47.     Defendants willfully and knowingly infringe Plaintiff's Patent rights.

ANSWER: Denied.

48.     Defendants are advertising, distributing, offering to sell and/or selling

unauthorized goods that incorporate and infringe Plaintiff's Patent in U.S. interstate

commerce.

ANSWER: Denied.

49.      Defendants offer to sell exact copies and/or confusingly similar copies to the

claimed designs in Plaintiff's Patent (hereinafter referred to as the

Defendants' "Counterfeit Copies") through Internet based e-commerce stores operating

under the Seller IDs.

ANSWER: Denied.

50.     Defendants designs of the Counterfeit Copies are so similar to Plaintiff's as to

be nearly identical such that an ordinary observer, giving such attention as a purchaser

usually gives, would be so deceived by the substantial similarity between the designs so

as to be induced to purchase Defendants' products believing them to be the same design

as the one protected by Plaintiff's Patent.

ANSWER: Denied.

51.     Defendants are actively using, promoting and otherwise advertising,

distributing, selling and/or offering for sale substantial quantities of their Counterfeit Copies without authority to use Plaintiff's Patent.

ANSWER: Denied.

52.    At all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Patent, including its exclusive right to use and license such intellectual property.

ANSWER: Denied.

53.    Defendants' use of Plaintiff's Patent to create the Counterfeit Copies, is without Plaintiff's consent or authorization.

ANSWER: Denied.

54.    Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

ANSWER: Denied.

55.    Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

ANSWER: Denied.

56.    Defendants continuously create new websites and online marketplace accounts

using the Seller IDs listed in Schedule A (Exhibit 2 to the Amended Complaint - filed

under seal), as well as other unknown fictitious names and addresses.

ANSWER: Denied.

57.     Defendants are likely to transfer or conceal their assets to avoid payment of any

monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

ANSWER: Denied.

58.     Plaintiff has no adequate remedy at law.

ANSWER: Denied.

59.     Plaintiff is suffering irreparable harm, injury and substantial damages directly

and proximately caused by Defendants' unauthorized and wrongful use of Plaintiff's

Patent.

ANSWER: Denied.

60.     Defendants must be enjoined from continuing to advertise, distribute, offer for

sale and/or sell Counterfeit Copies that directly infringe on Plaintiff's patent protections

pursuant to federal patent law.

ANSWER: Denied.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT
## 35 U.S.C. § 271

61.     Plaintiff reincorporates and realleges paragraphs 1 through 34 of this Complaint

as if fully set forth herein.

ANSWER: Denied.

62.    The registration for Plaintiff's Patent is valid, subsisting, unrevoked and uncanceled.

ANSWER: Denied.

63.    Plaintiff is the inventor and owner of the United States Design Patent at issue in this lawsuit.

ANSWER: Denied.

64.    Plaintiff is the owner of all right, title and interest in and to the designs covered by the Plaintiff's Patent, and Plaintiff is entitled to receive all damages and the benefits of all other remedies for Defendants' infringements.

ANSWER: Denied.

65.    Without Plaintiff's permission or authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered Plaintiff's Patent by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which embody the design covered by Plaintiff's Patent.

ANSWER: Denied.

66.    Defendants' Counterfeit Copies contain every aspect of the claimed designs on the Plaintiff's Patent.

ANSWER: Denied.

67.    Defendants' Counterfeit Copies have an overall appearance that is confusingly similar to the claimed designs in the Plaintiff's Patent.

ANSWER: Denied.

68.    Defendants are directly liable for infringing Plaintiff's Patent under the Patent

Act, 35 U.S.C. § 271.

ANSWER: Denied.

69.     The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Patent.

ANSWER: Denied.

70.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

ANSWER: Denied.

71.     As a direct and proximate result of Defendants' continuous infringement of Plaintiff's Patent, Plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Patent Act, including Defendants' profits pursuant to 35 U.S.C. §§ 284 and 289.

ANSWER: Denied.

72.     Plaintiff is further entitled to its attorney's fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

73.     Defendants' infringement of Plaintiff's Patent has been and continues to be willful.

ANSWER: Denied.

74.     Defendants' conduct has caused and will continue to cause Plaintiff substantial damages, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the Plaintiff's Patent.

ANSWER: Denied.

75.     Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Patent and because of the significant threat of future infringement as evidenced herein.

ANSWER: Denied.

## JURY TRIAL

76. Defendants demand a jury trial on all counts in this Complaint.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSES First Affirmative Defense - On-Sale Bar

77. The allegedly patented products were on public sales on eBay and other online platforms more than one year prior to the application of the patents at issue.

78. For example, the same design was sold on https://www.holytrainer.com/keuschheitsvorrichtung-manner/mannliche-keuschheit.asp, one year prior to the application of the patent at issue.

### Second Affirmative Defense - Lack of Novelty

79. Defendants incorporate ¶¶ 77-78 into this affirmative defense of Lack of Novelty.

80. The alleged invention was already known or used by others before the patent application date.

81. For example, one prior art was published on Youtube：https://www.youtube.com/watch?v=C--abV04How&rco=1, on December 29, 2019, with the same design that ordinary observer is not able to tell the difference.

82. Another example of prior art was published on Youtube at https://www.youtube.com/watch?v=NuecN1CrHyc, on July 6, 2016.

### Third Affirmative Defense - Laches

83. Plaintiff's claims are barred by laches, in the Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

### Fourth Affirmative Defense (Invalidity)

84. Plaintiff's patent at issue is invalid for failing to comply with one or more of the statutory requirements for patent protection, such as failure to disclose prior arts or designs to the United States Patent and Trademark Offices (USPTO).

### Fifth Affirmative Defense (Actions Of Others)

85. The claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

### Eighth Affirmative Defense (No Injunctive Relief)

86. Plaintiff's demand to enjoin Defendants by injunctive relief are barred, as Plaintiff suffered neither harm nor irreparable harm from Defendant's actions.

### Ninth Affirmative Defense (Defendants Acted in Good Faith)

87. Plaintiff's Complaint, on one or more counts set forth therein, is barred because Defendants acted at all times in good faith and did not directly or indirectly induce any act or omission alleged to constitute a violation of any laws, statutes, rules, regulations, contracts, or agreements.

### Tenth (No Causation)

88. Plaintiff's Complaint, on one or more counts set forth therein, is barred because no

act or omission by Defendants was the cause of any of the alleged damages in the

Amended Complaint.

89. Defendants reserve the rights to assert further affirmative defenses in future.

Dated: Jan. 31, 2025

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this

Feb. 12, 2025.

/s/ Jianyin Liu

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO._ 24-cv-23416

**Triple999, et al**.,

Counter-Plaintiffs,

v.

**ZHANGMEI HUANG**,

Counter-Defendant.

_____/

## **COUNTERCLAIM**

Counter-Plaintiffs, triple999, bigsmall402, and topbuy219 ("Counter-Plaintiffs"),

hereby sue ZHANGMEI HUANG ("Counter-Defendant") and state as follows:

### **JURISDICTION AND VENUE**

1.  This Counterclaim is filed pursuant to Fed. Civ. P. Rule 13. Counterclaim and Crossclaim

    (a) and/or (b), as it is against the Plaintiff/Counter-Defendant in the instant case.

2.  Also, this Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1338(a),

    which grants district courts original jurisdiction over all civil actions arising under any Act

    of Congress relating to patents.

### **PARTIES**

3.  Counter-Plaintiffs are the owners of stores on e-commerce platforms of Amazon and

    eBay.

### **GENERAL ALLEGATIONS**

4.    Counter-Plaintiffs files this counterclaim against Plaintiff pursuant to 35 U.S.C. §§ 102 and 103.

5.    The allegedly patented products were on public sales on eBay and other online platforms more than one year prior to the application of the patents at issue.

6.    For example, the same design was sold on https://www.holytrainer.com/ keuschheitsvorrichtung-manner/mannliche-keuschheit.asp, starting from 2014, V2 Chastity Lock, some five (5) year prior to the application of the patent at issue.

7.    The alleged invention was already known or used by others before the patent application date.

8.    For example, one prior art was published on Youtube：https://www.youtube.com/watch? v=C--abV04How&rco=1, on December 29, 2019, with the same design that ordinary observer is not able to tell the difference.

9.    Another example of prior art was published on Youtube at https://www.youtube.com/ watch?v=NuecN1CrHyc, on July 6, 2016.

## DESIGN PATENT No. US D969,303S

10.   Plaintiff's design patent registered with United States Patent and Trademark Offices (USPTO) with patent No. US D969,303S ("`303 Patent"), was filed on Jul. 22, 2022 and was approved on Nov. 8, 2022.

## COUNTER-PLAINTIFFS' PRODUCTS

11.   Counter-Plaintiffs' accused products were on public sales on eBay and Amazon, starting from 2018, some four years prior to the filing date of `303 Patent.

## COUNT I - DECLARATORY JUDGMENT OF PATENT INVALIDITY OF DESIGN PATENT No. US D969,303S FOR LACK OF NOVELTY

12.   Counter-Plaintiffs incorporated ¶¶ 1-11 to this Count, as if they are re-stated herein.

13.   `303 Patent lacks novelty because, for example, starting from 2014, such same or very similar products, from an ordinary observer's view, were on sale on eBay, Amazon, and independent websites such as https://www.holytrainer.com/keuschheitsvorrichtung-manner/mannliche-keuschheit.asp.

14.   Such products were widely promoted on youtube.com too.

15.   Thus, since there are nearly no new patentable features added to Plaintiff's `303 Patent, it should not be enforceable for lack of novelty.

16.   For the foregoing reasons, Counter-Plaintiffs request that this Court enter a judgment declaring that the `303 Patent is invalid and unenforceable.

## COUNT II - DECLARATORY JUDGMENT OF PATENT INVALIDITY OF US D969,303 S PATENT- Prior Sale Bar

17.   Counter-Plaintiffs incorporated ¶¶ 1-11 into this Count, as if they are re-stated herein.

18.   Counter-Plaintiffs' accused products were on public sales on eBay and Amazon, starting from 2018, some four years prior to the filing date of `303 Patent.

19.   On eBay, Amazon and the independent website Holytrainer.com, such products were on sale since 2014.

20.   For the foregoing reasons, Counter-Plaintiffs request that this Court enter a judgment declaring that the `303 Patent is invalid and unenforceable.

## COUNT III - DECLARATORY JUDGMENT OF INVALIDITY OF `303 PATENT

21.   Counter-Plaintiffs incorporated ¶¶ 1-11 to this Count, as if they are re-stated herein.

22.   Counter-Defendant failed to disclose all prior arts as listed above, by fraudulent obtaining

Counter-Defendant's `303 Patent from USPTO.

23.   For the foregoing reasons, Counter-Plaintiffs request that this Court enter a judgment

declaring that the `303 Patent is invalid and unenforceable.

<b>Jury Demand</b>

24.   Counter-Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: Feb. 12, 2025

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

<b>CERTIFICATE OF SERVICE</b>

I certify that this document has been served to all parties on record via CM/ECF on this

Feb. 12, 2025.

/s/ Jianyin Liu